IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KEITH R. CALDWELL, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:23-cv-01112 |
| | ) | Judge Trauger |
| JOHN ROBERTS, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Keith R. Caldwell, Sr., has filed a pro se Complaint and paid the filing fee. (Doc. No. 1). The defendants named in the Complaint are: U.S. Supreme Court Chief Justice John Roberts, Eleventh Circuit Court of Appeals Judge William H. Pryor, Jr., U.S. District Court Judge Mary S. Scriven, U.S. Solicitor General Elizabeth Barchas Prelogar, U.S. Secretary of Transportation Pete Buttigieg, U.S. Attorney General Merrick Garland, the U.S. Attorney's Office for Washington, D.C., Dodge Chrysler LLC, and Fiat/Chrysler Automobile Corporation. (*Id.* at 1.)

The gravamen of the 122-page Complaint is as follows. After the failure of the plaintiff's brakes caused a three-car traffic accident in 2016, he learned that his vehicle, manufactured by Dodge Chrysler, was subject to a 2014 recall to install a "brake booster." He filed a 2018 suit for damages under the National Traffic and Motor Vehicle Safety Act ("the Safety Act") in the Middle District of Florida, but the suit was dismissed based on Eleventh Circuit precedent establishing that the Safety Act does not authorize a private right of action. The plaintiff appealed the dismissal, first to the Eleventh Circuit, which affirmed the dismissal based on its precedent, and then to the U.S. Supreme Court, which denied certiorari. In light of this outcome, the plaintiff accuses the Florida district court, the Eleventh Circuit, and the Supreme Court of relying on an interpretation

of the Safety Act that is contrary to what the Act actually says, in order to protect their corrupt financial associations with Fiat/Chrysler Corporation/Dodge LLC. (Doc. No. 1 at 106.) Claiming that "[t]he constitution is not worth its value to the public when the people managing the laws and the Constitution are in bed with any American manufacturing industries" (*id.* at 74), the plaintiff invokes "§ 1861," the Fourteenth Amendment's Due Process Clause, and "Title 49," and asks this court to award payment of sums in "settlement" of his 2018 lawsuit from the federal government and from the car companies, as well as injunctive orders to ensure that the U.S. Congress and federal justices and judges are properly trained to do their jobs. (*Id.* at 102–118.)

Because the plaintiff paid the filing fee, the Complaint is not subject to initial screening. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). However, regardless of the stage of the litigation, the court must in every case be assured of its subject-matter jurisdiction. As pertinent here, the court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing, *e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

This is the second time that the plaintiff has filed his current Complaint. As he acknowledges in an "Addendum" to the Complaint (Doc. No. 1-1), he originally filed this action in April 2023, in the Middle District of Florida. (*Id.* at 1.) That court dismissed the case with prejudice on its own motion, finding it "patently frivolous" in that it essentially requests that the court overturn the trial and appellate rulings in the plaintiff's previous case, as well as the Eleventh Circuit precedent on which those rulings relied, based on "unsupported accusations of conspiracy

and fraud." *Caldwell v. Roberts, et al.*, No. 8:23-cv-0918-WFJ-AAS, Doc. No. 8 (M.D. Fla. July 6, 2023).

This court agrees and will also dismiss the plaintiff's case *sua sponte*. Assuming *arguendo* that federal subject-matter jurisdiction is otherwise proper under governing law, the court nonetheless finds the exercise of such jurisdiction improper in this case because of the "unsubstantial, frivolous" nature of the Complaint. *Apple*, 183 F.3d at 479. While not bound by the decisions of the Florida district court or the Eleventh Circuit, this court cannot overturn those decisions or order the defendants to pay damages based on the value of the dismissed claims adjusted for inflation since their dismissal, as requested in the Complaint. (Doc. No. 1 at 116.) Only the Eleventh Circuit or the Supreme Court can overturn these prior decisions and the precedent that governed them.[1]

Moreover, the principal contention of the Complaint when it is not seeking relief from the actions and decisions of the district and appellate courts in the plaintiff's 2018 case—that the federal judiciary at large corruptly defers to automobile manufacturers in interpreting applicable laws because it is "in bed" with, or part of "a cabal" with, those manufacturers (Doc. No. 1 at 74, 106)—is wholly unsubstantial and frivolous. It is not, in fact, "the duty of the federal courts to aggressively enforce the laws of the United States" as the plaintiff reads them. (Doc. No. 1-1 at 4.)

---

[1] Notably, while the plaintiff chose to re-file his lawsuit in this court shortly after its dismissal by the Middle District of Florida (rather than file an appeal in the Eleventh Circuit) because he believed "that the 11th circuit is extremely bias[ed]" (Doc. No. 1-1 at 5), it is not merely the Eleventh Circuit that holds that the Safety Act does not create a private right of action. Rather, "courts have uniformly concluded that the Safety Act does not create a private right of action." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 100 (D. Conn. 2020) (collecting cases). Indeed, in addition to explicitly authorizing only the U.S. Attorney General to file a civil enforcement action, 49 U.S.C. § 30163, "the text of the Safety Act expressly directs private citizens to look to 'other [] laws of the United States,' or to their state statutory or common law, when seeking redress for safety-related defects in motor vehicles." *Bartholf v. Gen. Motors*, No. 5:18-CV-35-TBR, 2018 WL 1614122, at *3 (W.D. Ky. Apr. 3, 2018) (quoting 49 U.S.C. § 30103(d), (e)). The complaint before this court does not rely on any other laws that authorize such redress.

3

Rather, it is the courts' "province and duty . . . to say what the law is in particular cases and controversies," and to "expound and interpret" that law under settled legal principles. *Bank Markazi v. Peterson*, 578 U.S. 212, 225 (2016) (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)). That the plaintiff is aggrieved by the prior decisions of the federal courts to dismiss (or decline to hear) his 2018 case does not in the least substantiate his claim that the judiciary is shot through with "incompetence and corruption" or somehow biased in favor of "industry manufacturers waiting in line to accept the federal courts unearned benefits." (Doc. No. 1 at 108–110.) That claim is utterly frivolous.

In sum, the court lacks jurisdiction to hear this case, which does not present any substantial, nonfrivolous allegations or claims. Accordingly, the case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff's motion to compel the testimony of the Speaker of the House of Representatives (Doc. No. 7) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge